|   |   |   |
|---|---|---|
| | | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PEGGY JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>MASON COUNTY, et al.,<br><br>        Defendants. | CASE NO. C14-5832 RBL<br><br>ORDER GRANTING MOTION TO AMEND<br><br>[Dkt. #39] |

THIS MATTER is before the Court on Plaintiff Johnson's Motion to Amend her complaint a second time. [Dkt. #39] Johnson seeks to add factual allegations and replace "John Doe" defendants with actual defendants. Defendants argue that it is too late to amend the complaint again and (somewhat contradictorily) that Plaintiff has little to gain from doing so. It argues primarily that because this court's own scheduling order imposed a long-since passed date for amendment, Johnson's Motion is measured against Rule 16, not Rule 15, and the question is the plaintiff's good cause, not prejudice to the defendant.

Johnson claims that she only recently discovered the identity of the "Doe" defendants, and that she is substituting—actually naming—the true parties, not adding entirely new parties.

ORDER GRANTING MOTION TO AMEND - 1

1    Leave to amend a complaint under Rule 15(a) "shall be freely given when justice so
2 requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing
3 *Forman v. Davis*, 371 U.S. 178, 182 (1962)).  This policy is "to be applied with extreme
4 liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)
5 (citations omitted).  In determining whether to grant leave under Rule 15, courts consider five
6 factors: "**bad faith**, undue **delay**, **prejudice** to the opposing party, **futility** of amendment, and
7 whether the plaintiff has **previously amended** the complaint."  *United States v. Corinthian
8 Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added).  Among these factors, prejudice
9 to the opposing party carries the greatest weight.  *Eminence Capital,* 316 F.3d at 1052.

10   A proposed amendment is futile "if no set of facts can be proved under the amendment to
11 the pleadings that would constitute a valid and sufficient claim or defense."  *Gaskill v. Travelers
12 Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing
13 *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

14   Under Rule 16(b), a plaintiff must show good cause for not having amended her
15 complaint before the time specified in the scheduling order.  *See Coleman v. Quaker Oats Co.*,
16 232 F.3d 1271, 1294 (9th Cir. 2000)). Prejudice to the opposing party may be considered, but
17 "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson
18 v. Mammoth Rec.*, 975 F.2d 604, 609 (9th Cir. 1992).

19   Johnson has demonstrated that she was diligent and that the new parties are the Doe
20 Defendants that she named initially. Defendants do not claim, and have not shown, prejudice.
21 Amendment is proper under both Rules.

22   >>>

23   >>

24

1     The Motion to Amend is GRANTED. Plaintiff should file the amended complaint by

2 April 1.

3     IT IS SO ORDERED.

4     Dated this 28th day of March, 2016.

                                              Ronald B. Leighton
                                              United States District Judge